UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

ANTHONY LAVELLE EDWARDS,

Plaintiff,

v.

PAUL SCHNELL, *Commissioner of Corrections*; ET AL.,

Defendants.

Civil No. 20-1144 (JRT/DTS)

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION**

---

Anthony LaVelle Edwards, OID # 197332, Minnesota Correctional Facility Rush City, 7600 Five Hundred and Twenty-Fifth Street, Rush City, MN 55069, *pro se*.

Plaintiff Anthony LaVelle Edwards commenced this putative class action on May 11, 2020, alleging violations of Fourteenth Amendment Equal Protection rights under 42 U.S.C. § 1983. (*See generally* Compl., May 11, 2020, Docket No. 1.) Edwards later applied to proceed *in forma pauperis*, and the Court ordered him to pay an initial partial filing fee of $21.10 by December 22, 2020, based on the requirements for prisoner civil actions under 28 U.S.C. § 1915(b). (*See* Order at 3–4, Dec. 1, 2020, Docket No. 16.) The deadline passed without Edwards paying the filing fee, and the Magistrate Judge has now recommended the case be dismissed without prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b). (Report & Recommendation ("R&R") at 1, Jan. 4, 2020, Docket No. 17.) Edwards objects to the R&R, stating that he is completely indigent

and cannot pay the partial filing fee until he receives his $600 COVID-19 relief stimulus payment.  (Obj. R&R, Jan. 14, 2020, Docket No. 18.)

The Court reviews objections to an R&R de novo.  Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3).  Based on a de novo review, the Court will overrule Edwards's objection and adopt the Magistrate Judge's R&R.  Under Rule 41(b), "a district court may dismiss a case if the plaintiff fails to prosecute or doesn't comply with the Federal Rules of Civil Procedure or a court order."  *DiMercurio v. Malcom*, 716 F.3d 1138, 1140 (8th Cir. 2013) (quotation omitted).  Edwards has not complied with the court order to pay the initial partial filing fee by December 22, 2020, and his Objection does not establish that the Court should modify that order.

First, assuming Edwards's assertions about his financial situation are correct, he has not provided an updated trust fund account statement showing that he cannot pay the initial partial filing fee calculated by the Magistrate Judge.  To proceed without paying an initial partial filing fee, the prisoner must provide an affidavit including a statement of all assets and a certified copy of the trust fund account statement or equivalent, neither of which Edwards has provided.  28 U.S.C. § 1915(a)(1)–(2).  Although complete indigence does not prevent a prisoner from bringing a civil action, *see id.* § 1915(b)(4), the Court cannot re-assess Edwards's financial situation based only on the information provided in his Objection.  Second, although the Court will dismiss Edwards's complaint, it will do so

without prejudice, meaning that Edwards may attempt to bring this suit again if he so desires and is able to either pay the initial partial filing fee or show that he cannot do so.

As such, the Court will overrule Edwards's Objection, adopt the Magistrate Judge's R&R, and dismiss the case without prejudice.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objection to the Report & Recommendation [Docket No. 18] is **OVERRULED;**

2. The Magistrate Judge's January 4, 2021 Report & Recommendation [Docket No. 17] is **ADOPTED;**

3. Plaintiff's 2nd Application to Proceed in District Court Without Prepaying Fees or Costs [Docket No. 13] is **DENIED as moot**; and

4. The Complaint [Docket No. 1] is **DISMISSED without prejudice.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: March 4, 2021  
at Minneapolis, Minnesota.

_____  
JOHN R. TUNHEIM  
Chief Judge  
United States District Court